UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 7 |
| Von Ro Corporation | BKY 13-34910-GFK |
| Debtor. | |

**TRUSTEE'S NOTICE OF HEARING AND VERIFIED MOTION FOR AN ORDER DIRECTING TURNOVER UNDER 11 U.S.C § 542(e)**

**TO:   THE PARTIES SPECIFIED IN LOCAL RULE 9013-3(A)(2).**

1.   Stephen J. Creasey, chapter 7 trustee ("Trustee") in this Chapter 7 bankruptcy case, by and through his undersigned attorneys, moves the Court for the relief requested below and gives notice of hearing.

2.   The Court will hold a hearing on this motion at 11:00 a.m. on February 26, 2014, or as soon thereafter as counsel may be heard, in Courtroom 2A, 2nd Floor, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101.

3.   Any response to this motion must be filed and served by delivery no later than February 21, 2014, which is five (5) days before the time set for the hearing (including Saturdays, Sundays, and holidays).  **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING UNDER LOCAL RULE 9013-2(f).**

**MOTION**

4.   The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Federal Rule of Bankruptcy Procedure 5005 and Local Rule 1070-1.  This is a core

proceeding. Debtor commenced this case by filing a voluntary Chapter 7 petition on October 11, 2013. This case is pending before this Court.

5. This motion arises under 11 U.S.C. § 542(e). This motion is filed under Local Rules 9013-1 *et seq.*

6. By this motion, the Trustee requests entry of an order directing the following persons and entities to turn over all recorded information, including books, documents, records, and papers, relating to the Debtor's property and financial affairs:

M.J. Mimbach, Inc.
M.J. Mimbach (individually)
759 Mayhew Lake Road NE
St. Cloud, MN  56304

Virgil Dale Hardy
5700 East Main
Bismarck, ND  58501

Tina T. Knudson
28200 River Way W
Pine City, MN  55063

Joseph John Newton
13992 Wellington Dr.
Eden Prairie, MN  55347-1741

**FACTUAL BACKGROUND**

7. Debtor owned and operated a recreational vehicle sales business from a location owned by the Debtor in Mora, Minnesota. The Debtor sold and offered for sale recreational vehicles of a variety of configurations and "park model" mobile homes.

8. The Debtor sold and offered for sale on its lot in Mora vehicles: (i) owned and titled in the Debtor; (ii) vehicles held "on consignment" with titles held in the name of others; and (iii) vehicles taken as trade-ins on sales of other vehicles. The Debtor made no effort to mark or identify the vehicles held on consignment from the other vehicles in its inventory. The

2

Debtor would also accept trade-ins and would then seek to sell the trade-ins. Typically the Debtor did not substitute itself as owner on the title cards for these trade-ins but held the vehicles in the name of the owner who had traded the vehicle in to the Debtor although the title cards may have been endorsed by the owner to the Debtor. When the traded-in vehicles were sold, the titles should have been cleared, although the trustee has concerns that the transfer of titles may not have occurred.

9. Through his investigation, the Trustee has been able to determine that the Debtor's business was financed in part by "consigning" vehicles either purchased new by the Debtor or received in trade, by M.J. Mimbach or one of his entities. The Trustee is informed and believes that from September 4 and 18, 2013 Mr. Mimbach seized at least 14 vehicles he claimed were owned by him.

10. Virgil Dale Hardy and Tina T. Knudson were parties to "consignment" arrangements similar to Mr. Mimbach.

11. Prior to the bankruptcy, Greater Minnesota Credit Union had obtained a judgment against the Debtor for an unsecured obligation the Debtor had owed to the credit union. On September 18, 2013, in the 90 days before the bankruptcy filing, the credit union had the sheriff levy on at least five vehicles in the Debtor's remaining inventory. One of the seized vehicles was a vehicle allegedly sold but not delivered by the Debtor to a Joseph John Newton.

12. The Trustee has searched the Debtor's records but has not located documents sufficient for the Trustee to be able to understand the transactions and transfers described above.

13. Messrs. Mimbach, Hardy, and Ms. Knudson are in possession of recorded information, including books, documents, records, and papers, relating to the Debtor's property and financial affairs and their transactions with the Debtor.

## **RELIEF REQUESTED**

14. The Trustee respectfully requests an order directing Messrs. Mimbach, Hardy, and Ms. KnudsonTraditions to turn over, within seven days of the date of entry of the order granting this motion, the following recorded information concerning the Debtor's property and financial affairs:

(a) All emails, text messages, letters, or other communications occurring after October 11, 2011, relating to any transactions with the Debtor.

(b) All agreements, contracts, consignment, loan documents, notes, or written evidence of any transactions to which the Debtor was a party or a proposed party dated after October 11, 2011.

(c) All purchase agreements, applications for titles, title cards, or evidence of transfer of any kind for any vehicles owned by the Debtor, taken in trade by the Debtor, sold by the Debtor, consigned by the Debtor or pledged as collateral by the Debtor at any time after October 11, 2011.

(d) All books and records of any kind evidencing amounts owed to or by the Debtor, and all advances or repayments of money to the Debtor.

(e) All appraisals or other evidence of value of any vehicles owned by the Debtor, taken in trade by the Debtor, sold by the Debtor, consigned by the Debtor or pledged as collateral by the Debtor at any time after October 11, 2011.

(f) Evidence of removal of any vehicles from the Debtor's property at any time after October 11, 2011, including lists of vehicles removed and title cards for all such vehicles.

15. Pursuant to Local Rule 9013-2(c), the Trustee gives notice that, if necessary, the following witnesses may be called to testify about the factual matters raised in and relevant to this motion:

Stephen J. Creasey, Trustee, Messrs. Mimbach, Hardy, and Ms. Knudson, and all witnesses that may be designated by any party filing a response to this motion.

Dated:  February 6, 2014              LAPP, LIBRA, THOMSON, STOEBNER &
                                      PUSCH, CHARTERED


                                      By:   /e/  Ralph V. Mitchell
                                          Ralph V. Mitchell (#184639)
                                          Stephen J. Creasey (#187343)
                                      120 South Sixth Street, Suite 2500
                                      Minneapolis, MN 55402
                                      T (612) 338-5815
                                      F (612) 338-6651
                                      RMitchell@lapplibra.com

                                      **ATTORNEYS FOR TRUSTEE**


**VERIFICATION**

Stephen J. Creasey, Trustee in the above case, declares under penalty of perjury that he has read the foregoing Motion for an Order Directing Turnover Under 11 U.S.C. § 542(e), and that the facts set forth therein, are true and correct according to the best of his knowledge, information, and belief.

Dated:  February 6, 2014

                                      /e/ Stephen J. Creasey
                                      Stephen J. Creasey
                                      Chapter 7 Trustee for Von Ro Corporation

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 7 |
| Von Ro Corporation | BKY 13-34910-GFK |
| Debtor. | |

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR TURNOVER 11 U.S.C. § 542(e)**

Stephen J. Creasey, Trustee in the above chapter 7 case, provides this memorandum in support of his motion for turnover of recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs.

### FACTS

The Facts are set forth in the verified motion.

### DISCUSSION

The Trustee's right to obtain turnover of the recorded information sought in the motion is found in section 524(e) of the Bankruptcy Code which provides:

> Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee.

11 U.S.C. § 542(e). Unlike section 542(a), the recorded information sought under section 542(e) need not be property of the estate in order for the court to order its turnover:

> 11 U.S.C. § 542(e) provides that "the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, *relating to the debtor's property or financial affairs,* to turn over or disclose such recorded information to the trustee." (Emphasis added.) That is, an action for turnover under § 542(e) does not require that the information be property of the estate. *GKH v.*

*Leroy,* 2011 WL 4600407, at \*6–7 (quoting *Am. Metrocomm Corp. v. Duane Morris & Heckscher LLP (In re Am. Metrocomm Corp.),* 274 B.R. 641, 652 (Bankr.D.Del.2002)).

*In re McKenzie*, 716 F.3d 404, 419 (6th Cir. 2013).

## CONCLUSION

The Trustee's motion should be granted. The Court should order the turnover of the recorded information identified in the motion.

Dated: February 6, 2014

LAPP, LIBRA, THOMSON,
STOEBNER & PUSCH, CHARTERED

/e/Ralph V. Mitchell
Ralph V. Mitchell (#184639)
Stephen J. Creasey (#187343)
120 South Sixth Street, Suite 2500
Minneapolis, MN  55402
(612) 338-5815

ATTORNEYS FOR TRUSTEE

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Von Ro Corporation

       Debtor.

Chapter 7

BKY 13-34910-GFK

### UNSWORN CERTIFICATE OF SERVICE

I, Janet L. Pipp, declare under penalty of perjury that on February 6, 2014, I served by first-class mail, postage prepaid, a copy of the following documents:

**(1)    TRUSTEE'S NOTICE OF HEARING AND VERIFIED MOTION FOR AN ORDER DIRECTING TURNOVER UNDER 11 U.S.C § 542(e);**

**(2)    MEMORANDUM IN SUPPORT OF MOTION FOR TURNOVER 11 U.S.C. 542(e); and**

**(3)    PROPOSED ORDER FOR TURNOVER UNDER 11 U.S.C § 542(e)**

on the parties listed below at the address stated for each party.

| | |
|---|---|
| M.J. Mimbach (individually)<br>759 Mayhew Lake Road NE<br>St. Cloud, MN  56304 | Tina T. Knudson<br>28200 River Way W<br>Pine City, MN  55063 |
| M.J. Mimbach, Inc.<br>759 Mayhew Lake Road NE<br>St. Cloud, MN  56304 | Joseph John Newton<br>13992 Wellington Dr.<br>Eden Prairie, MN  55347-1741 |
| Virgil Dale Hardy<br>5700 East Main<br>Bismarck, ND  58501 | Michael Kallas<br>Kallas Law Office<br>4601 Excelsior Blvd, Suite 500<br>St. Louis Park, MN 55416<br>Email:  mkallas@kallas-law.com |

Executed on: February 6, 2014    /e/ Janet L. Pipp
                                                              Janet L. Pipp, Legal Assistant
                                                              Lapp, Libra, Thomson, Stoebner
                                                              & Pusch, Chartered
                                                              120 South Sixth Street, Suite 2500
                                                              Minneapolis, MN 55402
                                                              612/338-5815

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:     Chapter 7

Von Ro Corporation     BKY 13-34910-GFK

      Debtor.

---

**ORDER FOR TURNOVER UNDER 11 U.S.C § 542(e)**

---

This case is before the Court on the Trustee's Verified Motion for an Order Directing Turnover under 11 U.S.C. § 542(e). Based on the Trustee's motion and all of the papers filed in this case, the Court being duly advised in the premises,

IT IS HEREBY ORDERED:

1. The Trustee's motion is GRANTED.

2. Within seven days of the date of this Order, M.J. Mimbach, Inc.; M.J. Mimbach (individually); Virgil Dale Hardy; Tina T. Knudson; and Joseph John Newton shall turn over to the Trustee, at 120 South Sixth Street, Suite 2500, Minneapolis, MN 55402, the following recorded information concerning the Debtor's property and financial affairs:

    (a) All email, text messages, letters, or other communications occurring after October 11, 2011, relating to any transactions with the Debtor.

    (b) All agreements, contracts, consignment, loan documents, notes, or written evidence of any transactions to which the Debtor was a party or a proposed party dated after October 11, 2011.

    (c) All purchase agreements, applications for titles, title cards, or evidence of transfer of any kind for any vehicles owned by the Debtor, taken in trade by the Debtor, sold by the Debtor, consigned by the Debtor or pledged as collateral by the Debtor at any time after October 11, 2011.

    (d) All books and records of any kind evidencing amounts owed to or by the Debtor, and all advances or repayments of money to the Debtor.

1

2

    (e)    All appraisals or other evidence of value of any vehicles owned by the Debtor, taken in trade by the Debtor, sold by the Debtor, consigned by the Debtor or pledged as collateral by the Debtor at any time after October 11, 2011.

    (f)    Evidence of removal of any vehicles from the Debtor's property at any time after October 11, 2011, including lists of vehicles removed and title cards for all such vehicles.

Dated:

_____
Gregory F. Kishel
Chief United States Bankruptcy Judge