UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In re:

VON RO CORPORATION,                      ORDER DENYING APPLICATION FOR
                                         ADMISSION OF CHRISTOPHER A. LANAVE
    Debtor.                              PRO HAC VICE

                                         BKY 13-34910

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

At St. Paul, Minnesota
March 17, 2015.

On March 4, 2015, an application for admission pro hac vice pursuant to Local Rule (District of Minnesota) 83.5(d) was filed. The movant was Samuel V. Calvert, a member of the bar of the United States District Court for this district. He acted on behalf of one Christopher A. LaNave. The engagement was to be for defendants Mark J. Mimbach and MJ Mimbach, Inc., in *Creasey v. Mimbach, et al*, ADV 14-3162, an adversary proceeding pending in this case.

In the application, LaNave attested to being a "member in good standing of the U.S. District Court for the Central District of California, but . . . not admitted to the bar of" the District of Minnesota. He also stated that he held a license to practice law from the State of California.

LaNave acknowledged that he is a "resident of Minnesota." He held himself out as maintaining an office at a street address in St. Cloud, Minnesota--under the title of "Attorney at Law" but "Licensed Only in California," per his letterhead.

That combination of recitals presented questions as to LaNave's professional presence and performance in Minnesota. But more immediately, there was an issue under the district court's Rule 83.5(d). The rule provides for pro hac vice admission for an attorney "who *resides outside of* Minnesota . . . " (emphasis added). As a self-professed resident of this state, LaNave does not fall within the class of attorneys contemplated for pro hac vice admission.

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *03/17/2015*
Lori Vosejpka, Clerk, By JRB, Deputy Clerk

Apparently in mind of that, LaNave offered that he had been granted admission to the District of Minnesota pro hac vice on a prior occasion, "[a]bout 4 years or so ago," for a civil action then pending locally in the federal district court.

He did not attest to how that happened, or on what rationale. So . . . that was then, and this is now. Further complicating the application was a contrived, qualifying proviso in attorney Calvert's declaration as locally-admitted movant: he was to have an "involvement in [ADV 14-3162] . . . limited in scope according to a [contemplated] retainer agreement" with the Mimbach defendants, which was said to have "been recognized in *Macawber Engineering, Inc. v. Robson & Miller*, 47 F.3d 253, 257 (8th Cir. 1995)."

*Macawber Engineering* was an attorney malpractice action that involved a very specific controversy: the scope of the professional duty and standard of care for local counsel as it pertained to their active participation representation. The retainer agreement and the rule were both implicated in determining the scope and standard. The outcome in the Eighth Circuit essentially absolved local counsel of liability for pro hac counsel's failure to respond to requests for admission; despite the directive of the local rule to "participate in the preparation and presentation of the case," the Eighth Circuit gave primacy to the client's assignment of primary responsibility to pro hac counsel and a subsidiary responsibility in local counsel to act "in support of" pro hac counsel at pro hac counsel's assignment and delegation.

The application at bar presented a situation at the initiation, however--not the after-the-fact parsing-out that the Eighth Circuit had to do. And, the facial departure from the express requirements of the district court's Local Rule 83.5(d)(2)(A)-(B) was troubling, given the surrounding circumstances. It was quite debatable whether the local "anchor point" through Calvert required by the district court's rule would be adequate. Among other things: could LaNave himself be deemed to independently possess sufficient familiarity with the Minnesota Rules of Professional Conduct? After all, as an attorney not Minnesota-licensed he would not have been under the obligation to regularly attend continuing legal education on local professional responsibility

governance. Would it be appropriate to let LaNave assume local professional status on behalf of the Mimbach defendants, without being subject to the Minnesota Supreme Court's attorney disciplinary process, where local counsel obviously was disclaiming responsibility for the day-to-day conduct of the defense in the litigation?

These ethical considerations do not arise in a vacuum. They are directly in the forefront of this very matter. Prior counsel for the Mimbach defendants had been granted leave to withdraw, on his conclusion that there was an irreconcilable conflict of interest between the individual and the corporate Mimbach-defendants. Then, there was the whole question of financial accountability for undertaking local professional engagement: was LaNave insured for liability for professional negligence on an engagement as a lawyer for Minnesota residents, that would involve Minnesota-centered law both state and federal, when he was not admitted to the Minnesota state bar? There may be no formal requirement for a practicing attorney to maintain malpractice insurance in this state; but lawyers are required to disclose status of such coverage when they renew their license, and the information is publicly available for client access. There would be no such option locally as to LaNave in a status as pro hac counsel. And, to be frank: it is just not savory to expose Minnesota residents to such jeopardy, if such exposure is enabled by a court's grant of pro hac vice admission and the circumstances of the proposed lawyer's local presence and professional function are so ambiguous.[1]

It had come out earlier that the Mimbach-defendants had previously consulted LaNave in a status as "paralegal." This, however, did not resolve any of these questions. They only heightened them.[2]

---

[1] Yes, one could say that clients' assumption of risk is at their own election in being represented by uninsured lawyers, and to that extent it is left to the market. But the disclosure requirement is there as a consumer-protection measure to enable prospective clients to gauge their risk--and this mechanism would not work for LaNave.

[2] At the hearing on prior counsel's motion for leave to withdraw, Mark Mimbach (appearing in opposition to the motion) attested to having already consulted with LaNave in a capacity as "paralegal." And Mimbach gave no indication that LaNave had been affiliated with a locally-licensed attorney in that paraprofessional capacity.

3

At this point, it is not necessary to call on LaNave or Calvert for a further accounting on any of these questions or to reach the issues on their merits. On March 13, 2015, one Daniel Buchin, Esq. of St. Cloud entered a notice of appearance and filed an answer on behalf of the Mimbach defendants [ADV 14-3162, Dkt. Nos. 22 and 23]. Attorney Buchin is Minnesota-officed and is admitted to the bar of the United States District Court for this district. With the filing of those documents, the Mimbach defendants have counsel of record with professional standing in the federal courts within Minnesota.

IT IS THEREFORE ORDERED:

1. The application of Samuel V. Calvert for the admission pro hac vice of Christopher A. LaNave is denied, as moot.

2. If the Mimbach defendants wish to retain Christopher A. LaNave as co-counsel of record in ADV 14-3162, a renewed application for his admission pro hac vice may be submitted. However, any such application must be supported by detailed declarations of Christopher A. LaNave and the movant for his admission, to address the concerns voiced in this order.

BY THE COURT:

*/e/ Gregory F. Kishel*

_____
GREGORY F. KISHEL
CHIEF UNITED STATES BANKRUPTCY JUDGE