UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

******************************************************************************************

In re:

VON RO CORPORATION,                    ORDER DENYING APPLICATION FOR
                                       ADMISSION OF CHRISTOPHER A. LANAVE
    Debtor.                            PRO HAC VICE

                                       BKY 13-34910

******************************************************************************************

At St. Paul, Minnesota
March 17, 2015.

On March 4, 2015, an application for admission pro hac vice pursuant to Local Rule (District of Minnesota) 83.5(d) was filed. The movant was Samuel V. Calvert, a member of the bar of the United States District Court for this district. He acted on behalf of one Christopher A. LaNave. The engagement was to be for defendants Mark J. Mimbach and MJ Mimbach, Inc., in *Creasey v. Mimbach, et al*, ADV 14-3162, an adversary proceeding pending in this case.

In the application, LaNave attested to being a "member in good standing of the U.S. District Court for the Central District of California, but . . . not admitted to the bar of" the District of Minnesota. He also stated that he held a license to practice law from the State of California.

LaNave acknowledged that he is a "resident of Minnesota." He held himself out as maintaining an office at a street address in St. Cloud, Minnesota--under the title of "Attorney at Law" but "Licensed Only in California," per his letterhead.

That combination of recitals presented questions as to LaNave's professional presence and performance in Minnesota. But more immediately, there was an issue under the district court's Rule 83.5(d). The rule provides for pro hac vice admission for an attorney "who *resides outside of* Minnesota . . . " (emphasis added). As a self-professed resident of this state, LaNave does not fall within the class of attorneys contemplated for pro hac vice admission.

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *03/17/2015*
Lori Vosejpka, Clerk, By JRB, Deputy Clerk

Apparently in mind of that, LaNave offered that he had been granted admission to the District of Minnesota pro hac vice on a prior occasion, "[a]bout 4 years or so ago," for a civil action then pending locally in the federal district court.

He did not attest to how that happened, or on what rationale. So . . . that was then, and this is now. Further complicating the application was a contrived, qualifying proviso in attorney Calvert's declaration as locally-admitted movant: he was to have an "involvement in [ADV 14-3162] . . . limited in scope according to a [contemplated] retainer agreement" with the Mimbach defendants, which was said to have "been recognized in *Macawber Engineering, Inc. v. Robson & Miller*, 47 F.3d 253, 257 (8th Cir. 1995)."

*Macawber Engineering* was an attorney malpractice action that involved a very specific controversy: the scope of the professional duty and standard of care for local counsel as it pertained to their active participation representation. The retainer agreement and the rule were both implicated in determining the scope and standard. The outcome in the Eighth Circuit essentially absolved local counsel of liability for pro hac counsel's failure to respond to requests for admission; despite the directive of the local rule to "participate in the preparation and presentation of the case," the Eighth Circuit gave primacy to the client's assignment of primary responsibility to pro hac counsel and a subsidiary responsibility in local counsel to act "in support of" pro hac counsel at pro hac counsel's assignment and delegation.

The application at bar presented a situation at the initiation, however--not the after-the-fact parsing-out that the Eighth Circuit had to do. And, the facial departure from the express requirements of the district court's Local Rule 83.5(d)(2)(A)-(B) was troubling, given the surrounding circumstances. It was quite debatable whether the local "anchor point" through Calvert required by the district court's rule would be adequate. Among other things: could LaNave himself be deemed to independently possess sufficient familiarity with the Minnesota Rules of Professional Conduct? After all, as an attorney not Minnesota-licensed he would not have been under the obligation to regularly attend continuing legal education on local professional responsibility

2

governance. Would it be appropriate to let LaNave assume local professional status on behalf of the Mimbach defendants, without being subject to the Minnesota Supreme Court's attorney disciplinary process, where local counsel obviously was disclaiming responsibility for the day-to-day conduct of the defense in the litigation?

These ethical considerations do not arise in a vacuum. They are directly in the forefront of this very matter. Prior counsel for the Mimbach defendants had been granted leave to withdraw, on his conclusion that there was an irreconcilable conflict of interest between the individual and the corporate Mimbach-defendants. Then, there was the whole question of financial accountability for undertaking local professional engagement: was LaNave insured for liability for professional negligence on an engagement as a lawyer for Minnesota residents, that would involve Minnesota-centered law both state and federal, when he was not admitted to the Minnesota state bar? There may be no formal requirement for a practicing attorney to maintain malpractice insurance in this state; but lawyers are required to disclose status of such coverage when they renew their license, and the information is publicly available for client access. There would be no such option locally as to LaNave in a status as pro hac counsel. And, to be frank: it is just not savory to expose Minnesota residents to such jeopardy, if such exposure is enabled by a court's grant of pro hac vice admission and the circumstances of the proposed lawyer's local presence and professional function are so ambiguous.[1]

It had come out earlier that the Mimbach-defendants had previously consulted LaNave in a status as "paralegal." This, however, did not resolve any of these questions. They only heightened them.[2]

---

[1] Yes, one could say that clients' assumption of risk is at their own election in being represented by uninsured lawyers, and to that extent it is left to the market. But the disclosure requirement is there as a consumer-protection measure to enable prospective clients to gauge their risk--and this mechanism would not work for LaNave.

[2] At the hearing on prior counsel's motion for leave to withdraw, Mark Mimbach (appearing in opposition to the motion) attested to having already consulted with LaNave in a capacity as "paralegal." And Mimbach gave no indication that LaNave had been affiliated with a locally-licensed attorney in that paraprofessional capacity.

At this point, it is not necessary to call on LaNave or Calvert for a further accounting on any of these questions or to reach the issues on their merits. On March 13, 2015, one Daniel Buchin, Esq. of St. Cloud entered a notice of appearance and filed an answer on behalf of the Mimbach defendants [ADV 14-3162, Dkt. Nos. 22 and 23]. Attorney Buchin is Minnesota-officed and is admitted to the bar of the United States District Court for this district. With the filing of those documents, the Mimbach defendants have counsel of record with professional standing in the federal courts within Minnesota.

IT IS THEREFORE ORDERED:

1. The application of Samuel V. Calvert for the admission pro hac vice of Christopher A. LaNave is denied, as moot.

2. If the Mimbach defendants wish to retain Christopher A. LaNave as co-counsel of record in ADV 14-3162, a renewed application for his admission pro hac vice may be submitted. However, any such application must be supported by detailed declarations of Christopher A. LaNave and the movant for his admission, to address the concerns voiced in this order.

BY THE COURT:

*/e/ Gregory F. Kishel*

_____
GREGORY F. KISHEL
CHIEF UNITED STATES BANKRUPTCY JUDGE

United States Bankruptcy Court
District of Minnesota

In re:                                                                    Case No. 13-34910-GFK
VON RO CORPORATION                                                        Chapter 7
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0864-3          User: judy          Page 1 of 1          Date Rcvd: Mar 17, 2015
                              Form ID: pdf111     Total Noticed: 7

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 19, 2015.
```
db            #+VON RO CORPORATION,   536 CLARK ST,   MORA, MN 55051-1804
aty            +Lapp, Libra, Thomson, Stoebner & Pusch,   120 s 6th St,   Ste 2500,   Mpls, MN 55402-5155
               +Christopher A. LaNave,   501 W. St. Germain Street, #300,   St. Cloud, MN 56301-3683
intp           +Greater Minnesota Credit Union,   c/o Peterson Fram & Bergman P.A.,   55 East 5th St Suite 800,
                 St Paul, MN 55101-1718
intp           +JOSEPH NEWTON,   13992 WELLINGTON DR,   EDEN PRAIRIE, MN 55347-1741
intp           +Kanabec State Bank,   730 Forest Avenue,   Mora, MN 55051-1614
intp           +SAMUEL V CALVERT,   1011 2ND ST N STE 107,   ST CLOUD, MN 56303-3237
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                            TOTAL: 0

```
              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr               MJ MIMBACH
cr               MJ MIMBACH INC
cr               TINA T KNUDSON
cr               VIRGIL DALE HARDY
acc           ##+Linda M. Berreau, CPA,   16418 Gladys Lane,   Minnetonka,, MN 55345-2840
                                                                                   TOTALS: 4, * 0, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 19, 2015                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 17, 2015 at the address(es) listed below:
```
              Daniel M Duffek   on behalf of Defendant    Spire Credit Union fka Greater Minnesota Credit Union
               bky@pfb-pa.com
              Daniel M Duffek   on behalf of Interested Party    Greater Minnesota Credit Union bky@pfb-pa.com
              David W Buchin   on behalf of Cross-Claimant   M.J. Mimbach, Inc. dbuchin@buchinlaw.com
              David W Buchin   on behalf of Defendant    M.J. Mimbach, Inc. dbuchin@buchinlaw.com
              David W Buchin   on behalf of Cross-Claimant Mark J. Mimbach dbuchin@buchinlaw.com
              David W Buchin   on behalf of Defendant Mark J. Mimbach dbuchin@buchinlaw.com
              Michael T Kallas   on behalf of Interested Party JOSEPH   NEWTON mkallas@kallas-law.com,
               skeegan@kallas-law.com
              Ralph  Mitchell   on behalf of Trustee Stephen J Creasey rmitchell@lapplibra.com,
               jpipp@lapplibra.com
              Ralph  Mitchell   on behalf of Plaintiff Stephen J. Creasey Trustee rmitchell@lapplibra.com,
               jpipp@lapplibra.com
              Robert  Kalenda   on behalf of Debtor    VON RO CORPORATION dana@kalendalaw.com,
               theresa@kalendalaw.com
              Shawn M. Dunlevy   on behalf of Interested Party    Kanabec State Bank sdunlevy@fryberger.com,
               dwatkins@fryberger.com
              Stephen J Creasey   on behalf of Trustee Stephen J Creasey screasey@lapplibra.com,
               nspooner@lapplibra.com;MN0B@ecfcbis.com
              Stephen J Creasey    screasey@lapplibra.com,   nspooner@lapplibra.com;MN0B@ecfcbis.com
              Stephen J Creasey   on behalf of Plaintiff Stephen J. Creasey Trustee screasey@lapplibra.com,
               nsponner@lapplibra.com
              US Trustee    ustpregion12.mn.ecf@usdoj.gov
                                                                                             TOTAL: 15
```