## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In re:                                                                    Chapter 7

Von Ro Corporation                                              BKY 13-34910-GFK

        Debtor.

---

## TRUSTEE'S NOTICE OF HEARING AND VERIFIED MOTION FOR AN ORDER FINDING TIANA KNUDSON IN CIVIL CONTEMPT OF COURT

---

**TO:    THE PARTIES SPECIFIED IN LOCAL RULE 9013-3(A)(1).**

1.      Stephen J. Creasey, Chapter 7 Trustee ("Trustee") in this Chapter 7 bankruptcy case, by and through his undersigned attorneys, moves the Court for the relief requested below and gives notice of hearing.

2.      The Court will hold a hearing on this motion at **11:00 a.m.** on **April 14, 2015**, or as soon thereafter as counsel may be heard, in Courtroom 2A, 2nd Floor, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101.

3.      Any response to this motion must be filed and served by delivery no later than **April 9, 2015**, which is five (5) days before the time set for the hearing (including Saturdays, Sundays, and holidays).  **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING UNDER LOCAL RULE 9013-2(f).**

## MOTION

4.     The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Federal Rule of Bankruptcy Procedure 5005 and Local Rule 1070-1.  This is a core proceeding.  Debtor commenced this case by filing a voluntary Chapter 7 petition on October 11, 2013.  This case is pending before this Court.

5.     This motion arises under 11 U.S.C. § 105 and Fed.R.Bankr.P. 9020.  This motion is filed under Local Rules 9013-1 *et seq.*

6.     By this motion, the Trustee requests entry of an order directing Tiana Knudson to fully and completely comply with this court's order entered February 26, 2014, which required her to turnover to the Trustee certain documents and records relating to her transactions and relationship with the Debtor within seven days – by March 5, 2014.  Ms. Knudson failed to comply.

7.     On February 18, 2015, nearly a year after the order was entered, Trustee's counsel sent Ms. Knudson a letter reminding her of her failure to comply with the order and requesting that she do so.  A copy of the letter is attached to the Affidavit of Ralph V. Mitchell as <u>Exhibit D</u>.

8.     On March 6, 2015, Trustee's counsel received an email from Ms. Knudson advising him that she would be responding to his letter (of February 18, 2015) "next week upon further review."  A copy of the email is attached to the Affidavit of Ralph V. Mitchell as <u>Exhibit E</u>.  Neither the Trustee, nor his counsel, has heard anything further from Ms. Knudson.

9.     By this motion, the Trustee seeks an order again compelling Ms. Knudson to produce the ordered documents and records **within three days of the entry of the order granting this motion.**

10.     Should Ms. Knudson fail to produce the documents and records as required by the order, and proof of such failure is submitted to the court by affidavit of Trustee, then Trustee requests that the court hold Ms. Knudson in civil contempt and issue a bench warrant for her arrest and incarceration which incarceration shall continue until Ms. Knudson shall purge the contempt by producing the required documents and records.

11.     Pursuant to Local Rule 9013-2(c), the Trustee gives notice that, if necessary, the following witnesses may be called to testify about the factual matters raised in and relevant to this motion:

> Stephen J. Creasey, Trustee; and all witnesses that may be designated by any party filing a response to this motion.

Dated:  March 27, 2015

LAPP, LIBRA, THOMSON, STOEBNER & PUSCH, CHARTERED

By:  */e/ Ralph V. Mitchell*
      Ralph V. Mitchell (#184639)
      Stephen J. Creasey (#187343)
120 South Sixth Street, Suite 2500
Minneapolis, MN 55402
T (612) 338-5815
F (612) 338-6651
RMitchell@lapplibra.com

**Attorneys for Stephen J. Creasey, Trustee of the Bankruptcy Estate of Von Ro Corporation.**

## VERIFICATION

Stephen J. Creasey, Trustee in the above case, declares under penalty of perjury that he has read the foregoing Motion, and that the facts set forth therein, are true and correct according to the best of his knowledge, information, and belief.

Executed on: March 27, 2015

Signed: */e/ Stephen J. Creasey*
      Stephen J. Creasey
      Chapter 7 Trustee for Von Ro Corporation

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:                                                                Chapter 7

Von Ro Corporation                                          BKY 13-34910-GFK

                    Debtor.

---

**MEMORANDUM OF LAW IN SUPPORT OF TRUSTEE'S MOTION FOR AN ORDER
TO COMPEL PRODUCTION OF DOCUMENTS AND FOR CONTEMPT**

---

A year after the deadline to comply with the court's turnover order entered February 26, 2014, Tiana Knudson has not produced even one document. She was specifically reminded of her obligation under the court's order by letter from Trustee's counsel in February, 2015. Ms. Knudson ignored the reminder. She represented on March 6, 2015 that she would respond "next week." Next week has come and gone and it is clear that Ms. Knudson is not taking the court's order seriously.[1] Therefore, the court's assistance is needed in this matter.

**ARGUMENT**

Although she appeared at the hearing on the turnover motion with Mr. Mimbach, and presumably understood the court's detailed explanation of the duties of the Trustee and the requirement that records be provided, Ms. Knudson has failed or refused to comply with the court's turnover order.

The Trustee's investigation has revealed that Ms. Knudson "purchased" vehicles from Von Ro, immediately "consigning" them back for resale in the same manner as did Mr. Mimbach. Titles to the vehicles she "purchased" were never transferred. The Debtor's president, Donovan Hardy, has failed to provide business records requested by the Trustee,

---

[1] The court will recall that Ms. Knudson appeared in court on February 26, 2014 to oppose the Trustee's turnover motion.

records that any business should have maintained, claiming that he does not have the records. As a result, the Trustee has been hindered in administering this case and has found it necessary to obtain records and documents from third parties. Thus far, the Trustee has obtained records from Mr. Mimbach, Kanabec State Bank, Spire Credit Union, the Minnesota Department of Public Safety, and others. The Trustee has obtained numerous orders for turnover and Rule 2004 examinations.

The purpose of a civil contempt order is to coerce compliance with a court order or to compensate another party for the violation. *Matter of Terrebonne Fuel & Lube, Inc*., 108 F.3d 609, 612 (5th Cir. 1997). An order of civil contempt, as in the case at hand, may be necessary or appropriate to enforce the order. *In re Ragar*, 3 F.3d 1174, 1179 (8th Cir. 1993). An order for civil contempt is appropriate in this instance to pressure Ms. Knudson to comply with the order for turnover. A court may impose fines in civil contempt proceedings to compensate a party for unnecessary injuries suffered and costs incurred because of contemptuous conduct. *See United States v. United Mine Workers*, 67 S.Ct. 677 (1947); *Petroleos Mexicanos v. Crawford Enters., Inc*., 826 F.2d 392 (5th Cir. 1987). The Trustee has incurred a total of $950.00 in fees in connection with preparation of this motion. *See* Mitchell Aff.

## CONCLUSION

The Trustee is entitled to an order finding Tiana Knudson in contempt and compelling the production of the records and documents pursuant to the order. The Trustee requests that the court order compliance within three days and if Ms. Knudson fails to comply, for a warrant and order directing the U.S. Marshall Service to arrest Ms. Knudson and bring her into court to explain why she has refused to comply with the court's order. If Ms. Knudson fails to either produce the required information or provide an adequate explanation of why she is unable to comply, then she should be arrested or incarcerated for civil contempt of court until such time as

she fully complies with the court's order.  The Trustee is also entitled to recover costs incurred in

bringing this motion and such other relief as the court deems just and equitable.


Dated:  March 27, 2015                          LAPP, LIBRA, THOMSON, STOEBNER
                                                & PUSCH, CHARTERED

                                                By:  */e/Ralph V. Mitchell*
                                                       Ralph V. Mitchell (#184639)
                                                120 South Sixth Street, Suite 2500
                                                Minneapolis, MN  55402
                                                T (612) 338-5815
                                                F (612) 338-6651
                                                RMitchell@lapplibra.com

                                                **Attorneys for Stephen J. Creasey, Trustee of
                                                the Bankruptcy Estate of Von Ro
                                                Corporation.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:                                                              Chapter 7

Von Ro Corporation                                    BKY 13-34910-GFK

                    Debtor.

---

**AFFIDAVIT OF RALPH V. MITCHELL**

---

STATE OF MINNESOTA    )
                      )   ss
COUNTY OF HENNEPIN    )

Your affiant being first duly sworn on oath states as follows:

1.      I am one of the attorneys representing Stephen J. Creasey, Chapter 7 Trustee of the above bankruptcy estate.  I have personal knowledge of the facts herein and if called upon to testify thereto could do so competently.  I believe the facts contained herein to be undisputed.

2.      On February 26, 2014, following a hearing on February 26, 2014 which I attended, the court issued an order requiring Tiana Knudson and others to turnover recorded information concerning the Debtor's property and financial affairs (the "Turnover Order").  A woman appeared at the hearing and identified herself on the record as Tiana Knudson.  A copy of the Turnover Order is attached as Exhibit A.

3.      A legal assistant in my office, Anne Scheel, served Ms. Knudson with the Turnover Order by first-class mail on February 26, 2014.  A copy of the Unsworn Certificate of Service is attached as Exhibit B.

4.      The Turnover Order required Ms. Knudson to turn over the recorded information listed in the Turnover Order within seven days of the date of the Turnover Order.  Ms. Knudson has failed to turnover any recorded information.

5.      On March 6, 2014, I wrote to Ms. Knudson to remind her that she had not complied with the court's Turnover Order.  A copy of my letter of March 6, 2014 is attached as Exhibit C.  Ms. Knudson failed to respond to my letter.

6.      On February 18, 2015, I wrote again to Ms. Knudson demanding that she comply with the Turnover Order.  A copy of my letter of February 18, 2015 is attached as Exhibit D.

7.      On March 6, 2015, I received an email from Ms. Knudson in which she claimed to have "just received" my letter and promising to respond the next week.  A copy of her email of March 6, 2015 is attached as Exhibit E.

8.      On March 10, 2015, I received the same email again from Ms. Knudson.  A copy of the second email is attached as Exhibit F.

9.      I have received no further communications from Ms. Knudson and none of the recorded information she was ordered to provide has been turned over.

10.      From his investigations, the Trustee has learned that Ms. Knudson "purchased" at least three vehicles from the Debtor and "consigned" them back to the Debtor.  The Trustee has obtained some records regarding these transactions from sources other than Ms. Knudson and therefore knows for a fact that Ms. Knudson has responsive documents.

11.      I spent a minimum of two hours preparing this motion and memorandum.  My hourly rate is $475.00.  I have agreed to waive any time in excess of two hours, including my time to travel from my office in Minneapolis to St. Paul to argue this motion.

2

Further your affiant says not.

Ralph V. Mitchell

Subscribed and sworn to before me
this 27th day of March, 2015.

Notary Public

JANET L. PIPP
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2020

3

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:                                                                                   Chapter 7

Von Ro Corporation                                                          BKY 13-34910-GFK

                    Debtor.

---

**ORDER FOR TURNOVER UNDER 11 U.S.C § 542(e)**

---

        This case is before the Court on the Trustee's Verified Motion for an Order Directing

Turnover under 11 U.S.C. § 542(e).  Based on the Trustee's motion and the record made at the

hearing conducted on February 26, 2014, with appearances noted on the record,

        IT IS HEREBY ORDERED:

        1.        The Trustee's motion is GRANTED.

        2.        Within seven days of the date of this Order, M.J. Mimbach, Inc.; M.J. Mimbach

(individually); Virgil Dale Hardy; Tina T. Knudson; and Joseph John Newton shall turn over to

the Trustee, at 120 South Sixth Street, Suite 2500, Minneapolis, MN 55402, the following

recorded information concerning the Debtor's property and financial affairs:

        (a)        All email, text messages, letters, or other communications occurring after October
                   11, 2011, relating to any transactions with the Debtor.

        (b)        All agreements, contracts, consignment, loan documents, notes, or written
                   evidence of any transactions to which the Debtor was a party or a proposed party
                   dated after October 11, 2011.

        (c)        All purchase agreements, applications for titles, title cards, or evidence of transfer
                   of any kind for any vehicles owned by the Debtor, taken in trade by the Debtor,
                   sold by the Debtor, consigned by the Debtor or pledged as collateral by the
                   Debtor at any time after October 11, 2011.

        (d)        All books and records of any kind evidencing amounts owed to or by the Debtor,
                   and all advances or repayments of money to the Debtor.

1

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *02/26/2014*
Lori Vosejpka, Clerk, By JRB, Deputy Clerk

(e)   All appraisals or other evidence of value of any vehicles owned by the Debtor, taken in trade by the Debtor, sold by the Debtor, consigned by the Debtor or pledged as collateral by the Debtor at any time after October 11, 2011.

(f)   Evidence of removal of any vehicles from the Debtor's property at any time after October 11, 2011, including lists of vehicles removed and title cards for all such vehicles.

Dated:   February 26, 2014

/e/ Gregory F. Kishel

Gregory F. Kishel
Chief United States Bankruptcy Judge

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                      Chapter 7

Von Ro Corporation
                                                            BKY 13-34910-GFK

Debtor.

## UNSWORN CERTIFICATE OF SERVICE

I, Anne M. Scheel, declare under penalty of perjury that on February 26, 2014, I served by first-class mail, postage prepaid, a copy of the following documents:

### ORDER FOR TURNOVER UNDER 11 U.S.C § 542(e)

on the parties listed below at the address stated for each party.

| | |
|---|---|
| M.J. Mimbach (individually)<br>759 Mayhew Lake Road NE<br>St. Cloud, MN  56304 | Tina T. Knudson<br>28200 River Way W<br>Pine City, MN  55063 |
| M.J. Mimbach, Inc.<br>759 Mayhew Lake Road NE<br>St. Cloud, MN  56304 | Joseph John Newton<br>13992 Wellington Dr.<br>Eden Prairie, MN  55347-1741 |
| Virgil Dale Hardy<br>5700 East Main<br>Bismarck, ND  58501 | Michael Kallas<br>Kallas Law Office<br>4601 Excelsior Blvd, Suite 500<br>St. Louis Park, MN 55416<br>Email:  mkallas@kallas-law.com |

Executed on: February 26, 2014

/e/ Anne M Scheel
Anne M. Scheel, Legal Assistant
Lapp, Libra, Thomson, Stoebner
& Pusch, Chartered
120 South Sixth Street, Suite 2500
Minneapolis, MN 55402
612/338-5815

# EXHIBIT C

# LAPP, LIBRA, THOMSON, STOEBNER & PUSCH
## CHARTERED
## ATTORNEYS AT LAW

RALPH V. MITCHELL
(612) 317-1012
rmitchell@lapplibra.com

120 SOUTH SIXTH STREET, SUITE 2500
MINNEAPOLIS, MINNESOTA 55402

TELEPHONE: (612) 338-5815
FAX: (612) 338-6651

March 6, 2014

Tina T. Knudson
28200 River Way W.
Pine City, MN  55063

      Re:    In re Von Ro Corporation, BKY No. 13-34910-GFK

Dear Ms. Knudson:

As you know because you were there, on February 26, 2014, Judge Kishel granted the Trustee's request for records from you and the others. He signed a court order requiring you to provide any records you may have that are listed in the order. I sent you a copy of the Judge's signed court order in the mail.

The time for you to respond to the court order has passed. The Trustee does not want to be forced to seek to hold you in contempt of court for violating the court order but he does need to get the records the judge ordered you to provide.

Please contact me to discuss. If you have questions about what documents the Trustee is seeking, we can discuss that also.

You can reach me at my direct dial number of (612) 343-4962.

Very truly yours,

Ralph V. Mitchell

RVM/jlp
13-301

# EXHIBIT D

# LAPP, LIBRA, THOMSON, STOEBNER & PUSCH
## CHARTERED
## ATTORNEYS AT LAW

RALPH V. MITCHELL
(612) 317-1012
rmitchell@lapplibra.com

120 SOUTH SIXTH STREET, SUITE 2500
MINNEAPOLIS, MINNESOTA 55402

TELEPHONE: (612) 338-5815
FAX: (612) 338-6651

February 18, 2015

Ms. Tiana Knudson
28200 West River Way
Pine City, MN  55063

   Re:  Von Ro Corporation, Debtor
       BKY No. 13-34910

Dear Ms. Knudson:

  As you should recall, this firm represents Stephen J. Creasey, bankruptcy trustee for Von Ro Corporation.  As you should also recall since you were present in bankruptcy court on February 26, 2014 with Virgil Hardy and Mark Mimbach, the court ordered you to turn over the following recorded information concerning the Debtor's property and financial affairs:

  (a)  All email, text messages, letters, or other communications occurring after October 11, 2011, relating to any transactions with the Debtor.

  (b)  All agreements, contracts, consignment, loan documents, notes, or written evidence of any transactions to which the Debtor was a party or a proposed party dated after October 11, 2011.

  (c)  All purchase agreements, applications for titles, title cards, or evidence of transfer of any kind for any vehicles owned by the Debtor, taken in trade by the Debtor, sold by the Debtor, consigned by the Debtor or pledged as collateral by the Debtor at any time after October 11, 2011.

  (d)  All books and records of any kind evidencing amounts owed to or by the Debtor, and all advances or repayments of money to the Debtor.

  You have not turned over a single page of these records and therefore you are in contempt of the court's order.

  In addition, based on information the trustee has obtained from various sources, you may claim to have "purchased" certain vehicles from Von Ro Corporation and then "consigned" them back to Von Ro Corporation.  Among these vehicles are:

**LAPP, LIBRA, THOMSON, STOEBNER & PUSCH**
    **CHARTERED**

February 18, 2015
Page 2

        1998 Yellowstone VIN 1NL10FP27W1055394
        1998 Canterbury VIN 4DGRP4021WG001559
        1989 Mallard VIN1U82M1R25KA017401

    Vehicle title records indicate that on the date of Von Ro Corporation's bankruptcy petition the following vehicles had been sold to Von Ro Corporation by third parties and such titles endorsed and delivered to Von Ro Corporation. Records also indicate that title to these vehicles had not been transferred into your name as of October 11, 2013.

    These vehicles therefore and any others that were purportedly sold to you by Von Ro Corporation, but for which the titles had not been transferred to you as of October 11, 2013, are property of the bankruptcy estate.

    Demand therefore is made:

1.    For the immediate turnover of these three vehicles and any others belonging to the bankruptcy estate or if you no longer have possession or control over these vehicles an accounting of their disposition or transfer. Please contact me immediately with the current location of these vehicles so that the trustee may pick them up; and

2.    For all the documents you were ordered to produce over a year ago.

    You should be aware that knowingly and fraudulently concealing bankruptcy estate property, falsifying records relating to property of the estate and withholding recorded information from the trustee are federal crimes under 18 U.S.C. § 152. Bankruptcy crimes are investigated by the FBI.

                    Very truly yours,

                    Ralph V. Mitchell

RVM/jlp
13-301

# EXHIBIT E

## Ralph V. Mitchell

**From:**          Tiana <tianaknudson777@gmail.com>
**Sent:**          Friday, March 06, 2015 3:17 PM
**To:**            Ralph V. Mitchell
**Subject:**       Von Ro Corporation

Mr. Michelle:

March 6, 2015

I just received your letter regarding Von Ro Corporation.  I shall respond to your letter next week upon further review.

Thank you.

Sent from my iPhone

# EXHIBIT F

**Ralph V. Mitchell**

| | |
|---|---|
| **From:** | Tiana <tianaknudson777@gmail.com> |
| **Sent:** | Tuesday, March 10, 2015 8:09 PM |
| **To:** | Ralph V. Mitchell |
| **Subject:** | Re: Von Ro Corporation |

Sent from my iPhone

> On Mar 6, 2015, at 3:16 PM, Tiana <tianaknudson777@gmail.com> wrote:
>
> Mr. Michelle:
>
> March 6, 2015
>
> I just received your letter regarding Von Ro Corporation.  I shall respond to your letter next week upon further review.
>
> Thank you.
>
> Sent from my iPhone

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:                                                                                              Chapter 7

Von Ro Corporation,                                                                 BKY 13-34910-GFK

            Debtor.

---

### UNSWORN CERTIFICATE OF SERVICE

---

I, Janet L. Pipp, declare under penalty of perjury that on March 27, 2015, I served by first-class mail, postage prepaid, a copy of the following documents:

    (1)    **TRUSTEE'S NOTICE OF HEARING AND VERIFIED MOTION FOR AN ORDER FINDING TIANA KNUDSON IN CIVIL CONTEMPT OF COURT;**

    (2)    **MEMORANDUM OF LAW IN SUPPORT OF TRUSTEE'S MOTION FOR AN ORDER TO COMPEL PRODUCTION OF DOCUMENTS AND FOR CONTEMPT; and**

    (3)    **PROPOSED ORDER**

on the parties listed below at the address stated for each party.

| | |
|---|---|
| Von Ro Corporation | Robert Kalenda |
| Attn: Officer or Managing Agent | Kalenda Law Office |
| 536 Clark Street | 919 West Germain Street, Suite 2000 |
| Mora, MN 55051 | St. Cloud, MN 56301 |
| | |
| Von Ro Corporation | Ms. Tiana Knudson |
| Attn: Officer or Managing Agent | 28200 West River Way |
| 708 Jewell Street | Pine City, MN 55063 |
| Mora, MN 55051 | |

Executed on March 27, 2015

/e/ Janet L. Pipp

Janet L. Pipp
Legal Administrative Assistant
Lapp, Libra, Thomson, Stoebner &
    Pusch, Chartered
120 South Sixth Street, Suite 2500
Minneapolis, MN 55402
612/338-5815

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                                                           Chapter 7

Von Ro Corporation                                                              BKY 13-34910-GFK

          Debtor.

**ORDER**

     This matter came before this court on the motion of Stephen J. Creasey, Trustee of the bankruptcy estate of the above debtor, to compel production of documents and records and to hold Tiana Knudson in civil contempt of court.

IT IS ORDERED:

     1.    Within three (3) days of the date of this order, Tiana Knudson shall turnover to the Trustee the following recorded information:

    (a)    All email, text messages, letters, or other communications occurring after October 11, 2011, relating to any transactions with the Debtor.

    (b)    All agreements, contracts, consignment, loan documents, notes, or written evidence of any transactions to which the Debtor was a party or a proposed party dated after October 11, 2011.

    (c)    All purchase agreements, applications for titles, title cards, or evidence of transfer of any kind for any vehicles owned by the Debtor, taken in trade by the Debtor, sold by the Debtor, consigned by the Debtor or pledged as collateral by the Debtor at any time after October 11, 2011.

    (d)    All books and records of any kind evidencing amounts owed to or by the Debtor, and all advances or repayments of money to the Debtor.

    (e)    All appraisals or other evidence of value of any vehicles owned by the Debtor, taken in trade by the Debtor, sold by the Debtor, consigned by the Debtor or pledged as collateral by the Debtor at any time after October 11, 2011.

    (f)    Evidence of removal of any vehicles from the Debtor's property at any time after October 11, 2011, including lists of vehicles removed and title cards for all such vehicles.

2.      If Tiana Knudson does not produce the documents to the trustee within three (3) days of this order, Tiana Knudson shall be in civil contempt and the court will issue a warrant for her arrest and direct the U.S. Marshal Service to apprehend Ms. Knudson, and bring her before the court to explain her failure to comply with this order.  The court may order Ms. Knudson incarcerated until she purges this contempt by fully complying with this order.

3.      Tiana Knudson shall pay to the Trustee within five (5) days of the date of this order the amount of $950.00 as attorneys' fees and costs incurred in bringing this motion.

Dated:                                    _____

                                          Gregory F. Kishel
                                          U.S. Bankruptcy Judge