UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

---

In re:                                                                                              Chapter 7

Von Ro Corporation                                                                    BKY 13-34910-GFK

    Debtor.

---

TIANA KNUDSON'S RESPONSE

TO TRUSTEE'S NOTICE OF HEARING AND VERIFIED MOTION FOR AN ORDER
FINDING TIANA KNUDSON IN CIVIL CONTEMPT OF COURT

---

Many of the pages are not numbered and appear out of order, thusly I will do the best I can to respond. It is confusing to know what exhibits are for what letter code.

1. Contest relief and notice of hearing.
2. Contest hearing.
3. Responding April 8, 2015. Opposing motion.
4. Do not know.
5. Do not know.
6. Tiana Knudson, to the best of her knowledge, has fully and completely complied with the Court's order entered February 26, 2014. I have two witnesses who will testify that I have complied within reason and at least one witness will confirm of his conversation with Mr. Creasey. This conversation was acknowledged by Mr. Creasey of his receipt of Ms. Knudson's documents and response. This took place approximately one year ago. Mr. Creasey's response to said individual was (she is not of interest).

    Since this initial response, Mr. Creasey has been sent, by three individuals, some of which have sent said copies several different times to Mr. Creasey. The statement by Mr. Creasey stating that Ms. Knudson has never complied with said order is simply not true.

7. Per February 18, 2015 letter from Mr. Mitchell as Exhibit D
   (A) I have none.
   (B) Mr. Creasey has been previously sent, at least three times and at my request, all contracts and consignments regarding Tiana Knudson as buyer. I do not recall any other written loan documents, notes, or written evidence of which I was party.

(C) Upon sale of units, any title that I held was given to Von Ro for transfer, upon sale.

(D) I cannot recall any books or records. I do not recall any advances or repayments of money to the debtor. Any trailer I purchased was paid in full by my account.

(e) I do not possess any appraisals.

(f) I have no evidence of removal of said units

In answer to your statement that Ms. Knudson have not turned over a single page of these records is simply not true. If Mr. Creasey or his associates have lost copies sent to him, I have no problem resending him a fourth or fifth copy. I find it hard to believe they have misplaced a minimum of three sets of copies of my transactions. As stated previously, I have at least two witnesses to verify that these records were sent and at least one witness confirming that Mr. Creasey has received these records.

Perhaps if Mr. Creasey was more specific of what he thinks I have that I am not giving him, then I could be of more help.

In response to the three units Ms. Knudson purchased: I had a bill of sale, a consignment agreement and the actual title for each unit before I paid in full. When I was paid off for each unit purchased, I timely released respective titles to Von Ro to do whatever transfer was necessary. I contest that the units were not mine. I have bill of sales confirming the above three units are free of all liens and loans. Bill of sales is signed by buyer and seller. Buyer and seller both will testify they have successfully completed transactions to each other's acceptance. Payments made were for fair market wholesale price or more. Demand, therefore, is made:

1.  I contest the immediate turnover of these three units. I no longer own them. They are in the possession of new owners. Mr. Creasey already knows this. Why is he feigning ignorance?
2.  As stated previously, Mr. Creasey has received at least three sets of the documents of which he is seeking.

8.  In regards to my e-mail dated March 6. 2015 to Mr. Michell: in knowing that my documents were sent to Mr. Creasey and his associates at least three times in the past, and upon re-confirming this with Von Ro several days after receipt of letter, I felt Mr. Creasey had what he needed. My failure to respond to the last letter received was due to my lack of legal and business knowledge (I had forwarded the letter to another party to respond and had assumed this was done – hence, my email stated 'I shall respond to your letter next week upon further review'). During this same time period I had an immediate family emergency for which I

      had to turn my focus. But if it will make Mr. Mitchell happy, I am including them again in this packet. Please file accordingly.

9. There are no more documents that I know of that are in my possession. However, enclosed are documents and records that I do have. I am not sure how far I can go back, but perhaps my bank can provide copies of canceled checks. If Mr. Creasey would like for me to look into this possibility, please let me know.

10. I contest that I have failed to produce the documents and records as required by this order. Again, there are no more documents that I know of that are in my possession. However, enclosed are documents and records that I do have. To place threats such as arrest and incarceration upon a single mother of two minor children will not aid Mr. Creasey and his associates in any way. If anything, to do so would place a burden upon the taxpayers of Minnesota. And all for what? Paperwork that are beyond my control? I would hold any person or entity that brings hardship to my small family responsible to the full extent the law that allows for all criminal and civil actions.

11. Acknowledged.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 7 |
| Von Ro Corporation | BKY 13-34910-GFK |
| Debtor. | |

TIANA KNUDSON'S RESPONSE

TO MEMORANDUM OF LAW IN SUPPORT OF TRUSTEE'S MOTION FOR AN ORDER TO COMPEL PRODUCTION OF DOCUMENTS AND FOR CONTEMPT

Tiana Knudson, to the best of her knowledge, has fully and completely complied with the Court's order entered February 26, 2014. I have two witnesses who will testify that I have complied within reason and at least one witness will confirm of his conversation with Mr. Creasey. This conversation was acknowledged by Mr. Creasey of his receipt of Ms. Knudson's documents and response. This took place approximately one year ago. Mr. Creasey's response to said individual was (she is not of interest).

Since this initial response, Mr. Creasey has been sent, by three individuals, some of which have sent said copies several different times to Mr. Creasey. The statement by Mr. Creasey stating that Ms. Knudson has never complied with said order is simply not true.

In regards to my e-mail dated March 6. 2015 to Mr. Michell: in knowing that my documents were sent to Mr. Creasey and his associates at least three times in the past, and upon re-confirming this with Von Ro several days after receipt of letter, I felt Mr. Creasey had what he needed. My failure to respond to the last letter received was due to my lack of legal and business knowledge (I had forwarded the letter to another party to respond and had assumed this was done, hence, my email stated 'I shall respond to your letter next week upon further review'). During this same time period I had an immediate family emergency for which I had to turn my focus. But if it will make Mr. Mitchell happy, I am including them again in this packet. Please file accordingly.

**ARGUMENT**

To the best of my knowledge, the three said units were purchased and then sold. As for the transfers of sales, Von Ro is the responsible dealership in charge of these business transactions. I am not aware of any wrongful doings as I do not operate or oversee Von Ro's business office.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 7 |
| Von Ro Corporation | BKY 13-34910-GFK |
| Debtor. | |

TIANA KNUDSON'S RESPONSE

TO AFFIDAVIT OF RALPH V. MITCHELL

1. Do not know
2. I was at the hearing and I did timely turnover the materials requested that was in my power to do. Information was eventually turned over to Gra Plant Moody and forwarded to Mr. Creasey and his associates.
3. I do not know of a legal assistant name Anne Scheel or what she did or did not do.
4. Contested
5. I responded with Gra Plant Moody who corresponded with Mr. Creasey and his associates on my behalf.
6. See previous response.
7. See #8. The emergence of an immediate family emergency of which I had to turn my focus kept me from responding timely. Both my children have challenging medical issues that need my full attention.
8. I was waiting for acknowledgment from Von Ro that any and all documents and records were indeed previously sent to Mr. Creasey and his associates regarding me. As of yesterday, Von Ro again confirmed he had sent all records on my behalf much earlier.
9. Contested. See previous responses in various portions of these writings. I have no idea who Mr. Mitchell is other than what is in this paperwork.
10. Mr. Mitchell himself states…

*From his investigations, the Trustee has learned that Ms. Knudson "purchased" at least three vehicles from the Debtor and "consigned" them back to the Debtor. The Trustee has obtained some records regarding these transactions from sources other than Ms. Knudson and therefore knows for a fact that Ms. Knudson has responsive documents.*

        I am assuming that one of those sources is Gra Plant Moody of which I forwarded documents to, who then turned over said documents to Mr. Creasey and his associates approximately a year ago. Von Ro also acknowledged sending said documents to Mr. Creasey and his associates.

11.    I contest paying any amount to Mr. Creasey and his associates for documents they had possession of approximately a year ago. And since then have seen additional copies sent to their office.

## TIANA KNUDSON'S RESPONSE

## TO AFFIDAVIT OF RALPH V. MITCHELL

## CASE LAW AND CONCLUSION

One page or more missing – unable to fully read and comprehend.

Response to what I do have:

Ms. Knudson responded numerously to Mr. Creasey and his associates' request for documents and records in one form or another.

- Ms. Knudson's first response was within days of Mr. Creasey's first request in 2014 approximately a year or more ago. Per Mr. Creasey's request, Mr. Mimbach himself faxed over the information that Ms. Knudson provided to Mr. Creasey's office. Mr. Mimbach then followed up the same day with a phone call to Mr. Creasey who confirmed receipt. Mr. Creasey then stated "Knudson is not of interest."
- Sometime after the above, Mr. Creasey requested that Mr. Mimbach get more information from Ms. Knudson and to please fax it to him. Mr. Mimbach confirmed he had contact with Mr. Creasey and that documents were faxed.
- Also, I supplied same documents that allowed the President of Von Ro Corporation to make copies and send to Gra Plant Moody. Gra Plant Moody at that time represented Mimbach and Knudson.

I feel with all the above incidents of information exchange that took place on my behalf, that Mr. Creasey and his associates may be confused as to whom those documents represent and/or where they came from. I have to believe that my documentations and records at some point must have made it to Mr. Creasey's office in timely fashion by all the witnesses involved.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 7 |
| Von Ro Corporation | BKY 13-34910-GFK |
| Debtor. | |

CERTIFICATE OF SERVICE

I, Tiana T. Knudson, declare under penalty of perjury that on April 9, 2015, I served by first-class mail, postage prepaid, and by E-mail and/or FAX, a copy of the following documents:

~TIANA KNUDSON'S RESPONSE

TO TRUSTEE'S NOTICE OF HEARING AND VERIFIED MOTION FOR AN ORDER FINDING TIANA KNUDSON IN CIVIL CONTEMPT OF COURT

~TIANA KNUDSON'S RESPONSE TO AFFIDAVIT OF RALPH V. MITCHELL

~TIANA KNUDSON'S RESPONSE

TO AFFIDAVIT OF RALPH V. MITCHELL

CASE LAW AND CONCLUSION

On the parties listed below at the address stated for each party.

200 Warren E. Burger Federal Building and United States Courthouse
316 North Robert Street
St. Paul, MN 55101
651-848-1000

Stephen J. Creasey, Trustee for Von Ro Corporation
Lapp, Libbra, Thompson, Stoebner & Pusch
120 South Sixth Street, Suite 2500
Minneapolis, MN 55402
Telephone: 612-338-5815
Fax: 612-338-6651

SPire Attorney
DDuffek@pfb-pa.com
Fax: 651-228-1753

Executed on: April 9, 2015

Signed: *Tena Knudson*
Tiana T. Knudson
*28200 West River Way*
*Pine City, MN 55063*
*320/358-0438*

# VON RO PARK MODEL
## 536 Clark Street-Mora, Mn 55051 (mailing address)
## 320-679-5173

| Buyers: First, Middle, and Last | Tiana Knudson | | |
|---|---|---|---|
| Address: | 28200 River Way W | | |
| City: Pine City | State: Mn | Zip Code: 55063 | County: |
| Home Phone: | Work Phone: | Other: | |
| Principal Buyers Date of Birth: | Principal Buyers Driver's License No: | | |
| Co-Buyers Date of Birth: | Co-Buyers Driver's License No: | | |
| Insurance Company: | Policy Number: | | |

**UNIT SOLD**    NEW    OR    (USED)

| Year: 1989 | Make: Mallard 12 wide w/bunks | Model: | VIN No: 1U82M1R25KA017401 |
|---|---|---|---|
| License No. | Lienholder: | | |

**TRADE-IN**

| Year: | Make: | Model: | Length: |
|---|---|---|---|
| License No. | Lienholder: | | |

| ADDITIONAL NOTES: | Base Price | $6,000 |
|---|---|---|
| free of all liens and loans | Trade In | |
| | **Difference** | |
| | Sales Tax | |
| | Doc Fee | |
| | Lic & Title | |
| | **Subtotal** | |
| | Additional Parts | |
| | **Total Price** $ | 6,000 |

Paid
Ch#
3015
10/19/12

1. It is mutually understood that this agreement is subject to necessary corrections and adjustments concerning changes in net payoff on trade-in to be made at the time of settlement.  2. You and I certify that the terms of this contract are agreed to as part of this agreement, the same as if the signature.
I am purchasing the above described Unit; the optional equipment and accessories; that printed above my trade is free from all claims, except as noted.
3. This agreement contains the entire understanding between you and me and no other representation or inducement, verbal or written, has been made which is not contained in this contract.  4. Insurance against liability for bodily injury or property damage to others is not included in this transaction

I, or we, acknowledge receipt of a copy of this order and that I, or we, have read and understand this agreement.

VON RO                    Principal Buyers Signature: Gene Knudson

                          Co-Buyer's Signature: _____

CONSIGNMENT AGREEMENT   10/19/12 – 4/19/13 Diff.

Von Ro agrees to pay Tiana Knudson $11,000 upon sale of 1989 Mallard 12 wide bunk house.

VIN# 1U82M1R25KA017401

*[signature]*
10/19/12

*[signature] Gene Knudson*

# VON RO PARK MODEL
### 536 Clark Street-Mora, Mn 55051 (mailing address)
### 320-679-5173

**Buyers: First, Middle, and Last:** Tiana Knudson

**Address:** 28200 River Way W

**City:** Pine City  **State:** Mn  **Zip Code:** 55063  **County:**

**Home Phone:**  **Work Phone:**  **Other:**

**Principal Buyers Date of Birth:**  **Principal Buyers Driver's License No:**

**Co-Buyers Date of Birth:**  **Co-Buyers Driver's License No:**

**Insurance Company:**  **Policy Number:**

## UNIT SOLD    NEW    OR    (USED)

**Year:** 1998  **Make:** Yellowstone Capri  **Model:** 4311S  **VIN No:** 1NL1OFP27W1055394

**License No.:** RT24991  **Lienholder:**

## TRADE-IN

**Year:**  **Make:**  **Model:**  **Length:**

**License No.:**  **Lienholder:**

**ADDITIONAL NOTES:** free of all liens and loans

| | |
|---|---|
| Base Price | $5,000 |
| Trade In | |
| Difference | |
| Sales Tax | |
| Doc Fee | |
| Lic & Title | |
| Subtotal | |
| Additional Parts | |
| Total Price | $5,000 |

1. It is mutually understood that this agreement is subject to necessary corrections and adjustments concerning changes in net payoff on trade-in to be made at the time of settlement. 2. You and I certify that the terms of this contract are agreed to as part of this agreement, the same as if the signature. I am purchasing the above described Unit; the optional equipment and accessories; that printed above my trade is free from all claims, except as noted. 3. This agreement contains the entire understanding between you and me and no other representation or inducement, verbal or written, has been made which is not contained in this contract. 4. Insurance against liability for bodily injury or property damage to others is not included in this transaction.

I, or we, acknowledge receipt of a copy of this order and that I, or we, have read and understand this agreement.

**VON RO**  **Principal Buyers Signature:** (X) _[signed]_ Knudson

**Co-Buyer's Signature:**

CONSIGNMENT AGREEMENT    10/31/12 – 5/1/13

Von Ro agrees to pay Tiana Knudson $10,000 upon sale of 1989 Yellowstone Capri Fifth Wheel Slide Out.
VIN# 1NL1OFP27W1055394

*[signature]*
10/31/12

*[signature: Knudson]*

# VON RO PARK MODEL
## 536 Clark Street-Mora, Mn 55051 (mailing address)
## 320-679-5173

| | |
|---|---|
| Buyers: First, Middle, and Last | Tiana Knudson |
| Address: | 28200 River Way W |
| City: Pine City | State: Mn   Zip Code: 55063   County: |
| Home Phone: | Work Phone:   Other: |
| Principal Buyers Date of Birth: | Principal Buyers Driver's License No: |
| Co-Buyers Date of Birth: | Co-Buyers Driver's License No: |
| Insurance Company: | Policy Number: |

**UNIT SOLD   NEW   OR   (USED)**

| Year: 1998 | Make: Canterbury | Model: 2 slides | VIN No: 4DGRP4021WG001559 |
|---|---|---|---|
| License No. | Lienholder: | | |

**TRADE-IN**

| Year: | Make: | Model: | Length: |
|---|---|---|---|
| License No. | Lienholder: | | |

**ADDITIONAL NOTES:**
free of all liens and loans

| | |
|---|---|
| Base Price | $5,700 |
| Trade In | |
| Difference | |
| Sales Tax | |
| Doc Fee | |
| Lic & Title | |
| Subtotal | |
| Additional Parts | |
| Total Price | $5,700 |

1. It is mutually understood that this agreement is subject to necessary corrections and adjustments concerning changes in net payoff on trade-in to be made at the time of settlement. 2. You and I certify that the terms of this contract are agreed to as part of this agreement, the same as if the signature. I am purchasing the above described Unit, the optional equipment and accessories; that printed above my trade is free from all claims, except as noted. 3. This agreement contains the entire understanding between you and me and no other representation or inducement, verbal or written, has been made which is not contained in this contract. 4. Insurance against liability for bodily injury or property damage to others is not included in this transaction.

I, or we, acknowledge receipt of a copy of this order and that I, or we, have read and understand this agreement.

VON RO _(signed)_   Principal Buyers Signature: _(signed)_ Knudson

Co-Buyer's Signature: _____

X 3017
AFF.
2-5-13

CONSIGNMENT AGREEMENT       2/5/13 - 6/5/13

Von Ro agrees to pay Tiana Knudson $9,200 upon sale of 1998 Canterbury park trailer VIN# 4DGRP4021WG001559

*[signature: Donovan Hardy]*

*[signature: Gene Knudson]*