UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                                                               Chapter 7

Von Ro Corporation                                                                      BKY 13-34910-GFK

　　　　　Debtor.

**TRUSTEE'S REPLY TO THE UNSIGNED AND UNVERIFIED
RESPONSE OF TIANA KNUDSON AND
WITHDRAWAL OF CONTEMPT MOTION**

Ms. Knudson appears to be representing herself and therefore the Trustee understands that she may not be aware of (i) Fed. R. Bankr. P. 9011 and Local Rule 9011-4 which requires that responses such as the one she filed must be signed and contain an address and telephone number or (ii) that facts must be established by affidavit or verified pleadings.

A careful reading of the response, even though unverified, confirms the Trustee's complaints. The first documents provided directly by Ms. Knudson to the Trustee came attached to her response filed April 9, 2015. She obviously failed to understand that the court's order required _her_ to produce the documents _she_ possessed regardless of whether the same documents may have been provided by Mr. Mimbach, Mr. Hardy or someone else. The Trustee needs to know what documents she held in her possession, not simply receive documents provided by others.

It is also clear from her response that Ms. Knudson has never spoken with Mr. Creasey or his counsel. She correctly claims that others have. Mr. Creasey has acknowledged that he received documents from Hardy and Mimbach. He never received documents from Ms. Knudson.

Ms. Knudson claims that she directed Gray Plant to send her documents to the Trustee for her. Assuming that is true, Mr. Wang indicated in writing to the Trustee only that he was representing Mimbach, M.J. Mimbach, Inc. and Virgil Hardy. Mr. Wang never represented that he was representing Ms. Knudson. There was no way for the Trustee to know that Ms. Knudson was responding through Mr. Hardy, Mr. Mimbach or Mr. Wang unless those individuals disclosed that fact to the Trustee.

As to the merits, Ms. Knudson claims that she purchased three vehicles from Von Ro and consigned them back to Von Ro for resale. She provides documents supposedly supporting these claims. But she also claims that the three vehicles were subsequently sold by Von Ro and she was paid. She requested that Mr. Creasey be more specific about what documents he was requesting:

> Perhaps if Mr. Creasey was more specific of what he thinks I have that I am not giving him, then I could be of more help.

On Friday, April 10, 2015, Trustee's counsel communicated with Ms. Knudson by email and advised her that the Trustee needed copies of the checks issued to her in payment for the three vehicles or if checks were not issued, then proof of whatever consideration was paid and how it was paid to her. A copy of the email is attached. Ms. Knudson has not yet responded.

The Trustee will take Ms. Knudson at her word that she will follow up with the additional proof he has requested. If she fails to do so, the Trustee will issue a subpoena for the documents under the court's Rule 2004 order.

Based upon the apparent misunderstanding of her obligations, her explanation and the documents she has finally provided, the Trustee withdraws the motion for contempt.

2

Dated:  April 13, 2015                    LAPP, LIBRA, THOMSON, STOEBNER
                                          & PUSCH, CHARTERED

                                          By:  */e/ Ralph V. Mitchell*
                                               Ralph V. Mitchell (#184639)
                                          120 South Sixth Street, Suite 2500
                                          Minneapolis, MN  55402
                                          T (612) 338-5815
                                          F (612) 338-6651
                                          RMitchell@lapplibra.com

                                          **Attorneys for John R. Stoebner, Successor Trustee of the Bankruptcy Estate of Von Ro Corporation.**

## VERIFICATION

The undersigned verifies that he has the personal knowledge required by Local Rule 9013-2(d) and that the facts contained in the foregoing are true and correct to the best of his knowledge, information and belief.  He believes such facts to be undisputed.

*/e/ Ralph V. Mitchell*

**Ralph V. Mitchell**

| | |
|---|---|
| From: | Ralph V. Mitchell |
| Sent: | Friday, April 10, 2015 1:18 PM |
| To: | 'Knudson, Tiana (DOC)' |

Ms. Knudson:

I am willing to cancel the hearing if you provide me with copies of checks issued to you in payment of the consignment price for the three vehicles. If you were paid in some other manner, please provide an explanation and provide copies of such other consideration. If you cannot or will not do this, then I will not cancel the hearing.

I have double checked our records and the documents you provided were produced to us by others than you. Mr. Wang did not represent you and therefore we had no indication that you directed others to provide documents for you if in fact you did.

Ralph Mitchell

*Ralph V. Mitchell*
**Attorney at Law**
Lapp, Libra, Thomson,
  Stoebner & Pusch, Chartered
120 South Sixth Street, Suite 2500
Minneapolis, MN 55402
(612) 343-4962 (Direct)
rmitchell@lapplibra.com

This message and any attachments are intended only for the use of the addressee and may contain information that is privileged and confidential. If the reader of the message is not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any dissemination or other use of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by e-mail at rmitchell@lapplibra.com or by telephone at 612-343-4962 and delete this message and any attachments from your system.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:   Chapter 7

Von Ro Corporation,   BKY 13-34910-GFK

    Debtor.

---

## UNSWORN CERTIFICATE OF SERVICE

---

    I, Janet L. Pipp, declare under penalty of perjury that on April 13, 2015, I served by first-class mail, postage prepaid, a copy of the following document:

**TRUSTEE'S REPLY TO THE UNSIGNED AND UNVERIFIED
RESPONSE OF TIANA KNUDSON AND
WITHDRAWAL OF CONTEMPT MOTION**

on the parties listed below at the address stated for each party.

| | |
|---|---|
| Von Ro Corporation<br>Attn: Officer or Managing Agent<br>536 Clark Street<br>Mora, MN 55051 | Robert Kalenda<br>Kalenda Law Office<br>919 West Germain Street, Suite 2000<br>St. Cloud, MN 56301 |
| Von Ro Corporation<br>Attn: Officer or Managing Agent<br>708 Jewell Street<br>Mora, MN 55051 | Ms. Tiana Knudson<br>28200 West River Way<br>Pine City, MN 55063 |

| | |
|---|---|
| Executed on April 13, 2015 | */e/ Janet L. Pipp*_____<br>Janet L. Pipp<br>Legal Administrative Assistant<br>Lapp, Libra, Thomson, Stoebner &<br>    Pusch, Chartered<br>120 South Sixth Street, Suite 2500<br>Minneapolis, MN 55402<br>612/338-5815 |

2