MN - 204
(Rev'd 9/09)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Von Ro Corporation,                           BKY No. 13-34910 - GFK
                                              Chapter 7
        Debtor.

_____

**TRUSTEE'S NOTICE OF SETTLEMENT**
_____

To:  The United States Trustee, all creditors and other parties in interest.

**NOTICE.**  On May 26, 2015, or as soon thereafter as the transaction may be completed, and subject to objection under applicable rules, the undersigned trustee of the estate of the debtor named above will settle a controversy as follows:

Settlement of a fraudulent transfer or preference claim against Stearns Bank ("Bank") will be resolved by payment from the Bank to the trustee in the amount of $4,000.00.  The claim involves Von Ro Corporation's ("Debtor") payment of $8,000.00 to the Bank on a note on which the Debtor was not a maker or guarantor and therefore had no legal obligation to pay.  Alternatively, should the note be determined to be an obligation of the Debtor, it was paid within 90 days of the Debtor's bankruptcy filing and is therefore avoidable as a preference.  In the course of its dealings with with the Bank, the Debtor granted a security interest in each of the following vehicles:

    2013 Woodland Park AP105L (VIN 1W9BP03S3D2046713)
    2002 Breckenridge LE 1238FDR (VIN 5DJTB0U2725007044)
    2013 Enterra 316RKS Cruiser (VIN 5RXTF312D2200339).

The security interest in these three vehicles were not perfected.  The Bank and the trustee will stipulate to entry of judgment avoiding the security interests under 11 U.S.C. § 544 and preserving them for the benefit of the estate under 11 U.S.C. §541.

The Bank will not be entitled to any claim in the case and the trustee will release the Bank from any further claims by the estate.

The trustee believes that the settlement with Stearns Bank is in the best interest of the estate and avoids the cost, delays and risks inherent in contested litigation.

**OBJECTION:  MOTION:  HEARING**.  Under applicable rules, any objection must be in writing, be served on the undersigned trustee and the United States Trustee, and be filed with the clerk, not later than 12:00 o'clock noon on the day before the date set for the settlement.  If an

objection is timely served and filed, the court will hold an expedited hearing on the objection with reduced notice of the hearing. The hearing will be scheduled by the Trustee with notice by the Trustee to the objecting party and the United States Trustee. If an objection is made or an order is required, the undersigned Trustee moves the Court for such orders as may be necessary or appropriate.

| U.S. Bankruptcy Court | U.S. Trustee | John R Stoebner, Trustee |
|---|---|---|
| 301 U.S. Courthouse | 1015 U.S. Courthouse | 120 South Sixth Street, Suite 2500 |
| 300 South Fourth Street | 300 South Fourth Street | Minneapolis, MN 55402 |
| Minneapolis, MN 55402 | Minneapolis, MN 55415 | |

Dated: April 29, 2015

/e/ John R. Stoebner
John R. Stoebner, Trustee
120 South Sixth Street, Suite 2500
Minneapolis, MN 55402
(612) 338-5815